UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

SHAYLA ELLIS,

CASE NO.:

Plaintiff,

v.

ABERCROMBIE & FITCH STORES, INC.,
a foreign profit corporation,

Defendant.

_______________________________________/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SHAYLA ELLIS ("Ms. Ellis" or "Plaintiff"), files this Complaint against Defendant, ABERCROMBIE & FITCH STORES, INC. ("AF" or "Defendant"), a foreign profit corporation, and states as follows:

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, *et seq.*, hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2. The federal question jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

4. At all times material hereto, Plaintiff was a resident of Broward County, Florida and performed work for Defendant in, among others, Broward County, Florida.

5. At all times material hereto, AF was, and continues to be, a foreign profit corporation. Further, at all times material hereto, AF was, and continues to be, engaged in business in, among other places, Broward County, Florida.

6. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA, but not for purposes of the Motor Carrier Act.

7. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

8. At all times material hereto, Defendant was the "employer" within the meaning of the FLSA.

9. At all times material hereto, Defendant was and continues to be "an enterprise engaged in commerce," within the meaning of the FLSA.

10. At all times material hereto, Defendant was and continues to be an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

11. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 *per annum* during the relevant time periods.

12. At all times relevant hereto, Defendant was primarily engaged in retail sales of clothing items geared toward teens and young adults.

13. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

14. At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

15. At all times hereto, Plaintiff was engaged in the "production of goods for

commerce" and subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

16. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

17. From October 2011 until December 9, 2015, Plaintiff worked as an hourly paid non exempt employee for Defendant.

18. At various material times hereto, Plaintiff worked for Defendant in excess of forty (40) hours within a work week during her relationship with Defendant.

19. Defendant, during the relevant limitations period, failed to compensate Plaintiff at a rate of one-and-one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours in a single work week. Rather, it appears that Defendant paid Plaintiff straight time for certain overtime hours worked, and did not compensate for any overtime for other overtime hours worked.

20. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week for Defendant, as required by the FLSA.

21. Defendant has violated Title 29 U.S.C. §207 in that:

a. Plaintiff regularly worked in excess of forty (40) hours per week for the period of employment/her relationship with Defendant;

b. No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one-and-one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40)

hours per work week, as provided by the FLSA; and

c. Defendant failed to maintain proper time records as mandated by the FLSA.

22. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

**COUNT I**
**VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION**

23. Plaintiff re-alleges and reavers paragraphs 1 through 22 of the Complaint, as if fully set forth herein.

24. During her employment, Plaintiff regularly worked in excess of forty (40) hours per week, for which Plaintiff was not compensated at the statutory rate of one-and-one-half times Plaintiff's regular rate of pay for **all** hours worked.

25. Plaintiff was and is entitled to be paid at the statutory rate of one-and-one-half times Plaintiff's regular rate of pay for **all** hours worked in excess of forty (40) hours.

26. At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

27. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one-and-one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when it knew, or should have known, such was, and is, due.

28. Defendant failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

29. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered

and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

30. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

31. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than time-and-a-half for their overtime hours.

32. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendant:

a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Awarding Plaintiff overtime compensation in the amount due to her for Plaintiff's time worked in excess of forty (40) hours per work week;

c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Awarding Plaintiff pre-judgment interest;

f. Ordering any other further relief the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: March 7th, 2016.

Respectfully submitted,

By:____________________________

RICHARD CELLER, ESQ.
Florida Bar No.0173370
RICHARD CELLER LEGAL, P.A.
7450 Griffin Road, Suite 230
Davie, Florida 33314
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: richard@floridaovertimelawyer.com

Trial Counsel for Plaintiff