**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

SHAYLA ELLIS,

                Plaintiff,                     Case No. 16-cv-60448-DPG

v.

ABERCROMBIE & FITCH STORES, INC.,

                Defendant.

## JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT AGREEMENT AND GENERAL RELEASE

       Plaintiff Shayla Ellis ("Plaintiff"), and Defendant Abercrombie & Fitch Stores, Inc. ("Defendant"), by and through their respective attorneys, jointly move the Court to review and approve the Settlement reached by the parties, submitted for *in camera* review, and enter an Order dismissing this action with prejudice.

       The Settlement resolves the claims Plaintiff asserted against Defendant under the Fair Labor Standards Act ("FLSA") relating to the payment of alleged wages owed. The parties request that the Court enter an Order dismissing this action with prejudice, with each side to bear its respective costs and attorneys' fees.

       The parties respectfully submit that the Settlement between Plaintiff and Defendant is fair and reasonable, and satisfies the criteria for approval under § 216(b) of the FLSA. The Settlement was achieved during negotiations between the parties, conducted by experienced counsel. The Settlement will provide meaningful payment to Plaintiff for wages allegedly owed. The following sections explain the nature of the Action, the negotiations, and the propriety of approving the Settlement.

## I.      THE ACTION

On March 8, 2016, Plaintiff Shayla Ellis ("Plaintiff") initiated this action against Defendant under Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). [Dkt. #1.]  Plaintiff claims that Defendant violated the FLSA by improperly classifying her as exempt from the overtime provisions of the FLSA, and consequently failing to pay her overtime for all hours worked over 40 in a workweek.  Defendant answered the complaint and denied any liability or wrongdoing of any kind.

## II.     THE NEGOTIATIONS

The Parties attempted an early resolution of the claim, before discovery commenced. These discussions were ultimately unsuccessful, and both Parties served and responded to written discovery.  Following written discovery, Defendant noticed Plaintiff's deposition.  Prior to the deposition, settlement discussions reopened.   These negotiations led to a mutually satisfactory resolution of all matters and preparation of the Settlement.

As set forth in the Settlement Agreement, Defendant has agreed to pay Plaintiff consideration to resolve her underlying claims for unpaid wages, liquidated damages, and any other claims or potential claims against Defendant, even though Defendant denies that Plaintiff is entitled to any relief.

While the case was pending, and during Settlement negotiations, Plaintiff and Defendant were represented by experienced counsel. The Settlement provides for mutual promises including an agreement to request the Court to dismiss this action with prejudice, with each side to bear its own costs and attorneys' fees, and to approve the release of claims set forth in the Settlement.

## III.     THE PROPRIETY OF APPROVAL

The Settlement is subject to approval by the Court pursuant to § 216(b) of the FLSA.  As explained below, Court approval is warranted.

### A.     The Settlement is a fair resolution of a bona fide dispute.

The court presiding over an FLSA action may approve a proposed settlement of the action under § 216(b) "after scrutinizing the settlement for fairness."  *Powell v. Carey Int'l, Inc.*, 483 F. Supp. 2d 1168, 1177 n.9 (S.D. Fla. 2007) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982) (the court should determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute") (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946))).

The payment to Plaintiff is fair, reasonable and adequate given that Plaintiff has received full relief in light of her Amended Statement of Claim, [Dkt. #24] and that the range of possible recovery is open to dispute.  Defendant has strong defenses to Plaintiff's claim, namely that for much of her employment Plaintiff was paid a salary of more than $455 per week, was primarily charged with managing one of Defendant's retail stores, regularly directed the work of dozens of other employees, and had the authority to fire and hire employees.  She was, therefore, according to Defendant, properly classified as an exempt executive during this time period.  Moreover, and according to Defendant, for the balance of her employment, Plaintiff did receive overtime compensation at the appropriate rate.  Finally, disagreement exists over whether the statute of limitations should be two or three years, and whether the Defendant is liable for liquidated damages.

**B.      Plaintiff's counsel's fees are proper and reasonable.**

The parties' settlement negotiations also contemplated a resolution of Plaintiff's claims for attorneys' fees and costs.  To this end, the consideration to be paid by the Defendant for Plaintiff's attorneys' fees under the settlement herein was separately reviewed by Plaintiff with Plaintiff's counsel independent of the amounts for Plaintiff's underlying claims. *See, e.g., Bonetti v. Embarq Management Co.,* 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009). Plaintiff has agreed to her counsel's fee as requested herein separate and apart from the amount she will receive for her underlying claims.  Defendant has agreed to pay Plaintiff an amount equal to Two Thousand Five Hundred and Twenty Dollars and No/100 ($2,520.00).  Defendant has separately agreed to pay Plaintiff's counsel Six Thousand Five Hundred and Two Dollars and 62/100 ($6,502.62).  Defendant has also agreed to pay Plaintiff's counsel Four Hundred Seventy Seven Dollars and 38/100 ($477.38) for Court costs.  Plaintiff's counsel asserts that the amount of attorneys' fees and costs is reasonable in light of the nature of this case, the work conducted on this case, which led to the extensive negotiations engaged in by the parties. Moreover, the efficient resolution of this case was a direct result of Plaintiff's counsel's experience in handling complex litigation and extensive knowledge of wage and hour law.  *See, e.g., Norman v. The Housing Auth. Of the City of Montgomery,* 836 F.2d 1292, 1300 (11th Cir. 1988)(explaining that "[f]rom the beginning and throughout the case, expertise in negotiations and tactics often advances a client's cause more quickly and effectively than the sustained and methodical trench warfare of the classical litigation model.") In order to make this litigation possible, Plaintiff's counsel agreed to advance the expenses and costs of litigation and discovery for the benefit of Plaintiff.

### C.   The parties agree that the Settlement shall remain confidential.

During Settlement negotiations, the parties agreed to include confidentiality provisions in the Settlement and agreed that such provisions were necessary to protect Defendant's interests. Indeed, the promise of confidentiality was so significant that Defendant insisted, and Plaintiff agreed, that a liquidated damages provision should apply in the event Plaintiff breached that confidentiality obligation.  These provisions are material terms of the Settlement and are a key part of the benefit of the bargain for Defendant. Therefore, the parties request that the Court review the Settlement *in camera*.

## IV.   CONCLUSION

The Parties' jointly submit that their settlement is a fair and reasonable resolution of the dispute between the Parties, and was reached through arms-length negotiations.  All Parties have been represented by counsel during the negotiation process and the Parties agree, based on the scope of the claims and the costs of continued litigation, that the settlement represents a fair and reasonable resolution of Plaintiff's claims.

For the foregoing reasons, the Parties respectfully request that this Court approve the Settlement by entering the proposed Stipulated Order and Final Judgment submitted herewith.

Respectfully submitted,

| | |
|---|---|
| /s/ Richard Celler | /s/ Daren S. Garcia |
| Richard Celler (Florida Bar No. 173370) | Daren S. Garcia (Florida Bar No. 091154) |
| *Richard@floridaovertimelawyer.com* | *dsgarcia@vorys.com* |
| Richard Celler Legal, P.A. | Michael J. Ball * |
| 7450 Griffin Rd., Ste. 230 | *mjball@vorys.com* |
| Davie, FL 33314 | Michael J. Shoenfelt * |
| Phone:  (866) 344-9243 | *mjshoenfelt@vorys.com* |
| Fax:  (954) 337-2771 | Vorys, Sater, Seymour and Pease LLP |
| | 52 East Gay Street |
| *Attorneys for Plaintiff* | P.O. Box 1008 |
| | Columbus, OH  43216-1008 |
| | Phone:  (614) 464-5446 |

Fax:     (614) 719-5054

Kara S. Nickel (Florida Bar No. 175188)
*knickel@stearnsweaver.com*
Stearns Weaver Miller Weissler Alhadeff &
Sitterson, P.A.
Museum Tower
150 West Flagler Street, Suite 2200
Miami, FL  33130
Phone:  (305) 789-3226
Fax:     (305) 789-3395

*Attorneys for Defendant*
*\*Admitted Pro Hac Vice*


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on August 23,

2016, via the Court's CM/ECF system on all counsel or parties of record to the following:

Richard Celler
*richard@floridaovertimelawyer.com*
Richard Celler Legal, P.A.
7450 Griffin Road, Suite 230
Davie, FL 33314
Telephone:  (866) 344-924

*Attorney for Plaintiff*

Daren S. Garcia
*dsgarcia@vorys.com*
Michael J. Ball *
*mjball@vorys.com*
Michael J. Shoenfelt *
*mjshoenfelt@vorys.com*
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH  43216-1008
Phone:  (614) 464-5446
Fax:     (614) 719-5054

Kara S. Nickel
*knickel@stearnsweaver.com*
Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.
Museum Tower
150 West Flagler Street, Suite 2200
Miami, FL  33130

*Attorneys for Defendant*

/s/ Daren S. Garcia
Daren S. Garcia